Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
Anne M. Coyle (AC 3158)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Tiffany (NJ) LLC
and Tiffany and Company*

JUDGE PAULEY

# 10 CIV 9471

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x

TIFFANY (NJ) LLC and TIFFANY AND COMPANY,

        Plaintiffs,

      v.

QI ANDREW, GU GONG, SLIVER DENG, and
KENT DENG, all d/b/a TIFFANYSTORES.ORG,
FASHION STYLE and STORESORG; ABC
COMPANIES; and JOHN DOES,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - x

2010 Civ. _____

**COMPLAINT**

RECEIVED
DEC 21 2010
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs Tiffany (NJ) LLC and Tiffany and Company (collectively, "Plaintiffs" or

"Tiffany"), by their attorneys, Gibson, Dunn & Crutcher, LLP, for their complaint against

Defendants Qi Andrew, Gu Gong, Sliver Deng, and Kent Deng, all doing business as

TiffanyStores.org, Fashion Style and Storesorg; ABC Companies; and John Does (collectively,

"Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      Consumers instantly recognize the various federally registered and common law trademarks used to identify the high quality goods merchandised or manufactured by Tiffany (collectively, the "Tiffany Marks").  For nearly two centuries, the famous, arbitrary and fanciful Tiffany Marks have received enormous exposure in the marketplace.  Over the years, millions of consumers have been exposed to the Tiffany Marks through extensive advertising campaigns, in mainstream and fashion magazines and other periodicals, as depicted on television and in motion pictures, on the internet, and in other forms of unsolicited media coverage.  As a result, the Tiffany Marks are among the most widely-recognized trademarks in the United States and around the world, as well as among the most popular with consumers, which adds enormous value to the authentic products that bear the Tiffany Marks (the "Tiffany Products").

2.      Defendants, who have no affiliation with Tiffany, have attempted to capitalize on the popularity of the Tiffany Marks.  Defendants manufacture and market counterfeit versions of Tiffany's Products (the "Counterfeit Products") in an effort to confuse consumers into believing that they are buying versions of the Tiffany Products or to otherwise compete directly with the Tiffany Products.

3.      To ensure that consumers make the association between Defendants' Counterfeit Products and the Tiffany Products from which they were copied, Defendants not only copy the designs, patterns and color schemes associated with the Tiffany Products, but also expressly identify the Counterfeit Products as "Tiffany" products and make unauthorized use of the trademark TIFFANY name in their website's domain name and throughout the website.

4.      Defendants have manufactured and sold their Counterfeit Products without Tiffany's permission, authorization, or approval.  Defendants' conduct is likely to cause, and has

caused, consumers mistakenly to believe that the Counterfeit Products sold and promoted by Defendants either are authentic Tiffany Products, are produced by Defendants under a license agreement, joint venture or other form of authorization by Tiffany, or are otherwise endorsed by or affiliated with Tiffany, either at the point of sale, by the recipient of a gift, or when consumers and potential consumers see the Counterfeit Products in use.

5.     For these and other reasons, Defendants have caused, and unless enjoined, will continue to cause, irreparable harm to Tiffany and an incalculable loss of goodwill and damages.

## **PARTIES**

6.     Tiffany (NJ) LLC is a limited liability company organized in Delaware with its principal place of business at 15 Sylvan Way, Parsippany, New Jersey 07054.  Tiffany (NJ) LLC is the proprietor of the trademarks at issue in this action.

7.     Tiffany and Company is a New York corporation with its principal place of business at 727 Fifth Avenue, New York, New York 10022.  Tiffany and Company, doing business as Tiffany & Co., is the exclusive licensee and user of the trademarks at issue in this action.

8.     Upon information and belief, Defendant Qi Andrew, doing business as TiffanyStores.org, Fashion Style and Storesorg, has a home and/or business address of No. 68 Jiang Nan Road, Meizhou City, China.

9.     Upon information and belief, Defendant Gu Gong, doing business as TiffanyStores.org, Fashion Style and Storesorg, has a home and/or business address of No. 68 Jiang Nan Road, Meizhou City, China.

3

10.     Upon information and belief, Defendant Sliver Deng, doing business as TiffanyStores.org, Fashion Style and Storesorg, has a home and/or business address in Guangzhou, China.

11.     Upon information and belief, Defendant Kent Deng, doing business as TiffanyStores.org, Fashion Style and Storesorg, has a home and/or business address in Shenzhen, China.

12.     Upon information and belief, ABC Companies are companies engaged in the manufacture, distribution, sale and advertisement of Counterfeit Products, but whose identity and number are not presently known.

13.     Upon information and belief, John Does are individuals who are consciously engaged in directing, controlling, ratifying, or otherwise participating in the manufacture, distribution, sale, and advertisement of Counterfeit Products, or who consciously and directly benefit financially from the manufacture, distribution, sale, and advertisement of Counterfeit Products, but whose identity and numbers are presently unknown.

14.     Upon information and belief, Defendants are the moving and conscious force behind the operation of the fully interactive, commercial website available at the Uniform Resource Locator ("URL"), www.TiffanyStores.org.

## JURISDICTION AND VENUE

15.     This is an action arising under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act") and under the laws of the State of New York.

16.     This Court has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

17.     Personal jurisdiction is proper over all Defendants pursuant to N.Y.C.P.L.R. § 302(a) because the unlawful conduct complained of herein has caused, and continues to cause, injury to Plaintiffs within this District, including damages to the business of Tiffany & Co., a New York corporation with its principal place of business at 727 Fifth Avenue, New York, New York 10022; Defendants regularly conduct, solicit or transact business in this District; Defendants have solicited consumers in this District; Defendants have entered into agreements with consumers and businesses within this District; Defendants have offered to sell and have sold Counterfeit Products to consumers within this District; Defendants derive substantial revenue in interstate and/or international commerce; and because Defendants regularly and systematically direct electronic activity into the State of New York through their fully interactive website www.TiffanyStores.org with the manifest intent of engaging in business within this District.

18.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims arose in this District.

## TIFFANY'S BUSINESS AND MARKS

19.     Tiffany Products are enormously popular with the general public. For over 170 years, Tiffany has achieved great renown as a purveyor of luxury goods, including items such as jewelry, watches, sterling silver goods (other than jewelry), personal accessories, fragrances, stationary and home items.

20.     Tiffany (NJ) LLC is the owner of the right, title and interest in and to, *inter alia*, the following trademarks, for which Tiffany and Company, doing business as Tiffany & Co. is the exclusive licensee:

| **Mark** | **Reg./Serial No.** | **Date of Registration** |
| --- | --- | --- |
| T & CO | 1,699,365 | 12/24/1991 |

| | | |
|---|---|---|
| TIFFANY & CO | 0,023,573 | 7/29/1893 |
| TIFFANY & CO. | 1,228,189 | 2/22/1983 |
| | 1,283,306 | 6/26/1984 |
| | 1,968,614 | 4/16/1996 |
| TIFFANY | 0,133,063 | 7/6/1920 |
| | 2,639,539 | 10/22/2002 |
| TIFFANY | 1,228,409 | 2/22/1983 |
| TIFFANY BLUE  | 2,359,351 | 6/20/2000 |
| TIFFANY BLUE BOX  | 2,184,128 | 8/25/1998 |
| TIFFANY BLUE SHOPPING BAG  | 2,416,795 | 1/2/2001 |

21.     Annexed hereto as Exhibit 1 are true and correct copies of the United States Patent and Trademark Office ("PTO") registration certificates evidencing Tiffany's ownership of these trademarks and printouts from the PTO's website setting forth the status of the Tiffany Marks.  All of the registrations set forth in Exhibit 1 are valid, subsisting, unrevoked, and uncancelled.  Additionally, all of these trademarks are incontestable.  Tiffany also owns common law rights in the above and other trademarks for use in connection with the Tiffany Products.

22.     The Tiffany Marks are in full force and effect.  Tiffany has never abandoned the Tiffany Marks, nor has Tiffany ever abandoned the goodwill of its businesses in connection with the Tiffany Marks.  Tiffany intends to continue to preserve and maintain its rights with respect to the Tiffany Marks.

23.     The Tiffany Marks are among the most widely-recognized trademarks in the world.  Tiffany has spent hundreds of millions of dollars to extensively advertise and promote its brand, the Tiffany Products and the Tiffany Marks throughout the world, with advertising campaigns that include full-page advertisements in widely-distributed fashion and news publications, and Tiffany has enjoyed billions of dollars in sales.  In the past decade alone, Tiffany's sales of goods bearing, or marketed under, the TIFFANY trademark name in the United States have exceeded $12.6 billion in retail.  During that same period, Tiffany has spent in excess of $750 million in advertising and promoting its products in the United States, including the State of New York.

24.     Consumers are exposed to Tiffany and the Tiffany Marks not only through advertisements, but in newspapers, television programs, motion pictures and virtually all

instrumentalities of popular culture.  As a result, the Tiffany Marks have become famous and highly valuable trademarks, possessing strong secondary meaning among consumers.

25.     The Tiffany Marks are uniquely valuable among consumer trademarks because they receive a consistent level of exposure to consumers, far beyond what most jewelry manufacturers or licensors can achieve to promote their products.  As a result, the Tiffany Marks have come to symbolize the enormous goodwill of Tiffany's business through the United States and the world.  No other manufacturer lawfully uses the Tiffany Marks or any other substantially similar marks for similar types of goods.

26.     Consumers, potential consumers, and other members of the public and industry associate the Tiffany Products with exceptional materials, gems, style and workmanship.  On information and belief, many consumers purchase Tiffany Products because of Tiffany's reputation for quality and the goodwill associated with the Tiffany Marks.  Tiffany's reputation is a direct result of its extensive advertising and promotion, and concomitant widespread sales, the skill and care utilized in the manufacture of Tiffany Products, the uniform high quality of such products sold under, or in connection with, the Tiffany Marks, and the public acceptance thereof.

27.     To maintain the quality and integrity associated with the Tiffany Products, Tiffany controls and limits the distribution of goods authorized to bear the Tiffany Marks.  All merchandise marketed under the TIFFANY name is inspected by Tiffany quality control personnel before its release directly to channels of trade that have been approved by Tiffany, including its sales on the internet through Tiffany's official website, through Tiffany catalogues, and to Tiffany's retail stores.  Tiffany does not use liquidators, does not sell overstock merchandise and does not run "sales" on Tiffany Products.  Tiffany's tightly controlled

distribution network, along with its careful selection of materials, assures adherence to the highest quality standards for the manufacture and dissemination of Tiffany Products.

28.     Tiffany has created invaluable goodwill throughout the United States and elsewhere by selling products of dependable quality.   Based on the extensive sales of Tiffany Products and their wide popularity, the Tiffany Marks have developed a secondary meaning and significance in the minds of the purchasing public, and the purchasing public immediately identifies the services and products utilizing and/or bearing such trademarks with Tiffany.

## THE COUNTERFEIT PRODUCTS

29.     Defendants, without authorization or license from Tiffany, have willfully and intentionally used, reproduced and/or copied the Tiffany Marks in connection with their manufacturing, distributing, exporting, importing, advertising, marketing, selling and/or offering to sell their Counterfeit Products.  Defendants have shipped at least certain of the Counterfeit Products into the State of New York and this District.

30.     Defendants' website freely admits that the Counterfeit Products offered for sale are not authentic, but are "Replica" and "Cheap Tiffany Jewelry."  Defendants boast that they offer the "Best Quality Replica" versions of Tiffany Products.

31.     For example, shown below on the left is an image of an authentic Tiffany 1837™ cuff in sterling silver.  The authentic Tiffany Product displayed below bears Tiffany's federally registered T & CO. trademark. *See* Ex. 1. (U.S. Reg. No. 1,699,365).  Shown on the right is an image of a Counterfeit Product offered for sale by Defendants through the TiffanyStores.org website and described by Defendants as a "Tiffany 1837 Open Wide Bangle in Sterling Silver" and "Grade 1:1 Replica (Best quality replicas)."  The Counterfeit Product has ornamentation, design and labeling that are intended to appear like the ornamentation, design and labeling on the

authentic product.  The overall effect of the Counterfeit Product not only confusingly similar to the design of the authentic product on the left, it also bears an exact copy of Tiffany's federally registered T & CO. trademark.  *See id.*

      

**AUTHENTIC**                **COUNTERFEIT**

32.     Similarly, shown below on the left is an image of an authentic Return to Tiffany™ heart tag toggle bracelet in sterling silver.  The product displayed below bears Tiffany's federally registered TIFFANY & CO. trademark.  *See* Ex. 1 (U.S. Reg. No. 1,228,189; 1,283,306; 1,968,614).  On the right is an image of a Counterfeit Product offered for sale by Defendants through their website TiffanyStores.org and described as a "Tiffany Heart Bracelet" and "Grade 1:1 Replica (Best quality replicas)."  The Counterfeit Product has ornamentation, design and labeling that are intended to appear like the ornamentation, design and labeling on the authentic product.  The overall effect of the Counterfeit Product not only confusingly similar to the design of the authentic Tiffany Product shown above, it also bears an exact copy of Tiffany's federally registered TIFFANY & CO. trademark.  *See id.*




**AUTHENTIC**          **COUNTERFEIT**

33.     Further, shown below is an image of an authentic Tiffany 1837™ Lock Pendant in sterling silver.  The product displayed below bears Tiffany's federally registered T & CO. trademark.  *See* Ex. 1. (U.S. Reg. No. 1,699,365). On the right is an image of a Counterfeit Product offered for sale by Defendants through their website TiffanyStores.org and described as described by Defendants as a "Tiffany Lock Necklace" and "Grade 1:1 Replica (Best quality replicas)."  Defendants offer this product with "FREE Tiffany light blue gift box, velvet pouch, [care] card, shopping bag. . . . very close to original packing."  The Counterfeit Product has ornamentation, design and labeling that are intended to appear like the ornamentation, design and labeling on the authentic product.  The overall effect of the Counterfeit Product not only confusingly similar to the design of the authentic product shown above, it also bears an exact copy of Tiffany's federally registered T & CO. trademark.  *See id.*




**AUTHENTIC**          **COUNTERFEIT**

34.     All of Defendants' Counterfeit Products follow this pattern—each copies the ornamentation, design and labeling of an authentic Tiffany Product and most bear exact copies of one or more of the Tiffany Marks.

35.     Even though Defendants' Counterfeit Products are of inferior quality, they appear superficially similar, and in some cases superficially identical, to genuine Tiffany Products. The design of the Counterfeit Products and the display of the Tiffany Marks on and in connection with the Counterfeit Products communicates to consumers—and may confuse consumers into believing—that the Counterfeit Products were manufactured, licensed, approved or sponsored by, or otherwise affiliated with Tiffany.

36.     Defendants have offered these Counterfeit Products for sale without permission, authority or license from Tiffany and, upon information and belief, such actions were taken in bad faith with full knowledge of Tiffany's ownership of and/or exclusive rights to use and license the Tiffany Marks. At all relevant times and in furtherance of their infringing activities, Defendants have willfully and intentionally used and continue to use the Tiffany Marks on their Counterfeit Products.

37.     The result of Defendants' manufacturing, advertisement, distribution, and sale of Counterfeit Products will be to deceive and mislead consumers into believing that Defendants' products or activities are authorized or sponsored by Tiffany or to cause mistake or to deceive either at the point of sale or when consumers, or potential consumers, see the Counterfeit Products in use.

38.     In particular, Defendants make liberal use of the Tiffany Marks on their website to make an explicit connection between their Counterfeit Products and genuine Tiffany Products.

For example, set forth below are true and accurate screenshots from TiffanyStores.org in which Defendants describe their products as "Tiffany&Co Jewelry," "Tiffany Jewelry," and "Tiffany."



39.     The products offered for sale by Defendants are not authentic Tiffany Products. Tiffany did not manufacture, inspect, or package the Counterfeit Products, and did not approve the Counterfeit Products for sale and/or distribution.  Tiffany has examined samples of the Counterfeit Products and determined them to be counterfeit.

40.     Specifically, Tiffany examined two items advertised by Defendants as a "Tiffany Heart Bracelet in Sterling Silver" and "Tiffany 1837 Square Cuff Links in Sterling Silver," which were purchased by its investigator through Defendants' website TiffanyStores.org. Tiffany's inspection revealed not only that the items purchased from Defendants were counterfeit, but also that the items were not "sterling silver," as Defendants stated on their website TiffanyStores.org.  Although Defendants advertised both products as being made of "925 sterling silver," Tiffany's laboratory analysis showed the both items were made primarily of copper, with the components of each item containing no more than 3% silver.  By contrast, authentic sterling silver Tiffany Products are made of 92.5% silver.

41.     Significantly, Tiffany's laboratory analysis of the Counterfeit Products also showed that the two items contained significant amounts of nickel, ranging from 8.58% to 18.58%.  Nickel is a metal that common causes allergic reactions when it is used in jewelry and other accessories that come in contact with the skin.  Nickel is a controlled metal in the European Union for this reason.

42.     Consumers have purchased items from TiffanyStores.org that Defendants misleadingly described as "sterling silver" "Tiffany" products.  On information and belief, an unknowable number of these consumers believed these items to be sterling silver, as advertised by Defendants, and have suffered allergic reactions after wearing these items.  In addition, those individuals who received the Counterfeit Products as gifts may have believed them to be

authentic Tiffany Products and incorrectly associated any allergic reactions with Tiffany or its products.

43.     Through their website TiffanyStores.org, Defendants offer for sale over 700 Counterfeit Products labeled as "Tiffany," and many are described as being made of "sterling silver." Defendants offer their Counterfeit Products both directly to consumers through their website TiffanyStores.org and to be resold to the public through conventional channels on a wholesale basis. For example, set forth below is a true and accurate screen shot from Defendants' website TiffanyStores.org offering for sale a necklace described as "Tiffany Handbag Necklace in Sterling Silver," in which Defendants also state that they are "the replica jewelry factory" and ask interested parties to "please email us for wholesale price if your order is over $500." An arrow has been added to direct the reader's attention to the relevant text.



44.     On information and belief, Defendants have infringed at least 8 Tiffany Marks by selling, offering to sell and/or distributing at least 9 different types of goods bearing counterfeits of the Tiffany Marks, including, but not limited to:  (1) bracelets; (2) necklaces; (3) earrings; (4) rings; (5) men's watches; (6) women's watches; (7) key rings; (8) money clips; and (9) cuff links.

45.     In addition to their unlawful sale of Counterfeit Products, Defendants have also infringed upon the Tiffany Mark by making use of the TIFFANY trademark in the domain name of their website, TiffanyStores.org.  Defendant's unauthorized use of the TIFFANY trademark in connection with the sale of Counterfeit Products purposefully designed to replicate genuine Tiffany Products and/or bearing exact copies of the Tiffany Marks further contributes to the likelihood that consumers and potential consumers will be misled into believing that Defendants' website and Counterfeit Products are somehow authorized or sponsored by Tiffany.

46.     On information and belief, Defendants have made use of the services of at least the following banks, savings and loan associations, credit card companies, credit card processing agencies, or other financial institutions or agencies that engage in the transfer of real property in order to carry out, facilitate, complete, or ratify the unlawful transactions complained of herein or used such entities to hold, transfer, transmit, relay, maintain, or invest profits from the unlawful activities described herein:  (1) PayPal; (2) MasterCard, Visa, American Express, and/or Discover.

47.     On information and belief, Defendants have made use of the services of at least the following website hosts, domain registrars, domain name owners, internet service providers, and internet protocol supporters to carry out, facilitate, complete, or ratify the unlawful

transactions complained of herein: (1) GoDaddy.com; (2) HostMonster.com; (3) Take 2 Hosting; (4) Hosting8.info; and (5) SoftLayer Technologies.

48. On information and belief, Defendants use Google Analytics to track certain information relating to their website TiffanyStores.org.

49. On information and belief, the e-commerce software for Defendants' website TiffanyStores.org is provided by Zen Cart.

## FIRST CAUSE OF ACTION

(Trademark Infringement Under Section 32
of the Lanham Act, 15 U.S.C. § 1114(1)(a))

50. Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

51. The Tiffany Marks and the goodwill of the businesses associated with them in the United States and throughout the world are of great and significant value, are highly distinctive and arbitrary, and have become universally associated in the public mind with the products and services of the very highest quality and reputation.

52. Defendants' actions described above have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of their Counterfeit Products, and are likely to deceive the public into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by Tiffany, all to the damage and detriment of Tiffany's reputation, goodwill and sales.

53. Defendants' unauthorized use of the Tiffany Marks constitutes trademark infringement of Tiffany's federally-registered trademarks, the full extent of which is presently unknown but is substantial. This has caused damage to Tiffany and the substantial business and

goodwill symbolized by the Tiffany Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54. Defendants' actions described above, including the unauthorized use of the Tiffany Marks in interstate commerce, have caused, and unless restrained will continue to cause, great and irreparable injury to Tiffany, to the Tiffany Marks, and to the business and goodwill represented thereby, leaving Tiffany with no adequate remedy at law.

## SECOND CAUSE OF ACTION

(Trademark Counterfeiting Under Sections 32, 34 and 35,
of the Lanham Act, 15 U.S.C. §§ 1114(1)(b), 1116(d), & 1117(b)-(c))

55. Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

56. Without Tiffany's authorization or consent, and having knowledge of Tiffany's well-known and prior rights in the Tiffany Marks, Defendants have distributed, advertised, offered for sale and/or sold their Counterfeit Products to the consuming public in direct competition with Tiffany, in or affecting interstate commerce.

57. Defendants' Counterfeit Products reproduce, counterfeit, copy, and colorably imitate the Tiffany Marks or display spurious designations that are identical with, or substantially indistinguishable from the Tiffany Marks. Defendants have applied their reproductions, counterfeits, copies, and colorable imitations to labels and advertisements intended to be used in commerce upon or in connection with the sale, distribution, or advertising of Defendants' Counterfeit Products, which is likely to cause confusion, or to cause mistake, or to deceive.

58. Defendants' unauthorized use of the Tiffany Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized

or licensed by Tiffany. Defendants' actions constitute willful counterfeiting of the Tiffany

Marks in violation of 15 U.S.C. §§ 1114, 1116(d), and 1117(b)-(c).

59.     As a direct and proximate result of Defendants' conduct, Tiffany has suffered

damage to their valuable trademarks and other damages in an amount to be proved at trial.

60.     Tiffany does not have an adequate remedy at law, and will continue to be

damaged by Defendants' sale of Counterfeit Products unless this Court enjoins Defendants from

such fraudulent business practices.

### THIRD CAUSE OF ACTION
(False Designation of Origin Under Section 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a))

61.     Tiffany repeats and realleges each and every allegation in the foregoing

paragraphs as if fully set forth herein.

62.     As a result of Tiffany's experience, care, and service in producing and providing

genuine Tiffany Products, these products have become widely known and have acquired a

worldwide reputation for excellence. Moreover, the Tiffany Marks have become associated with

Tiffany Products, and have come to symbolize the reputation for quality and excellence

associated with Tiffany and authentic products produced by it. As such, the Tiffany Marks have

attained secondary meaning. The Tiffany Marks are also inherently distinctive.

63.     Defendants' use of the Tiffany Marks on or in connection with the Counterfeit

Products, as alleged above, is likely to confuse, mislead, or deceive customers, purchasers, and

members of the general public as to the origin, source, sponsorship, or affiliation of the

Counterfeit Products, and is likely to cause such people to believe in error that the Counterfeit

Products have been authorized, sponsored, approved, endorsed, or licensed by Tiffany, or that

Defendants are in some way affiliated with Tiffany.

64.    Defendants' actions, including but not limited to their unauthorized use in commerce of the Tiffany Marks, constitute a false designation of origin, false and misleading descriptions of fact, and false and misleading representations of fact, which have caused, and are likely to cause, confusion, mistake and deception, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.    Defendants' actions as described above, including their unauthorized, false, and misleading use in commerce of the Tiffany Marks on Counterfeit Products and other uses of Plaintiffs' Marks in interstate commerce, have caused, and unless restrained, will continue to cause, great and irreparable injury to Tiffany, and to the business and goodwill represented by the Tiffany Marks in an amount that cannot presently be ascertained, leaving Tiffany with no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

(Trademark Dilution Under the Federal Trademark
Dilution Act, 15 U.S.C. § 1125(c))

66.    Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

67.    The Tiffany Marks are famous within the meaning of the Trademark Dilution Revision Act of 2006.  Among other things:  (1) the Tiffany Marks have a high degree of inherent distinctiveness; (2) the Tiffany Marks have been used continuously for decades throughout the United States to promote many goods and services; (3) Tiffany and its authorized licensees have advertised and publicized the Tiffany Marks continuously for decades throughout the United States; (4) Tiffany has used its trademarks in a trading area of broad geographical scope encompassing all of the states and territories of the United States; (5) the Tiffany Marks are among the preeminent marks in the luxury goods market; (6) the Tiffany Marks have an

20

extremely high degree of recognition among consumers; (7) there are no trademarks similar to the Tiffany Marks; and (8) many of the Tiffany Marks are the subject of valid and subsisting registrations under the Lanham Act on the Principal Register.

68.    Because Tiffany Products have gained a reputation for superior quality and excellence, the Tiffany Marks have gained substantial renown and reputation.

69.    Defendants' use of the Tiffany Marks is likely to cause blurring to and of the Tiffany Marks and impair their distinctiveness.  Consumers are likely to associate Defendants' uses of the Tiffany Marks with the Tiffany Marks themselves because of the similarity between Defendants' use of the Tiffany Marks and the Tiffany Marks themselves.  In particular, the following factors make dilution by blurring likely:  (1) Defendants are making uses of the Tiffany Marks themselves; (2) the Tiffany Marks have acquired tremendous distinctiveness through Tiffany's continuous promotion and uses of the Tiffany Marks; (3) the Tiffany Marks have become famous and achieved a high level of recognition among the consuming public; (4) Tiffany's commercial use of the Tiffany Marks is substantially exclusive to Tiffany and its agents and licensees; (5) on information and belief, Defendants intend to create an association between Defendants' uses of the Tiffany Marks and the Tiffany Marks themselves; and (6) on information and belief, many consumers actually associate Defendants' uses of the Tiffany Marks confusingly similar thereto with the Tiffany Marks themselves.

70.    Defendants' conduct as alleged above is also likely to cause tarnishment among the Tiffany Marks that harms the reputation of the Tiffany Marks because of the similarity between Defendants' uses of the Tiffany Marks and the Tiffany Marks themselves.  In particular, the Counterfeit Products sold, offered for sale, and/or distributed by Defendants display the

Tiffany Marks in a manner that is confusingly similar to Tiffany Products and therefore mislead consumers into believing that the Tiffany Products are of low quality.

71.     Defendants' conduct described above dilutes, blurs, tarnishes, and whittles away the distinctiveness of the Tiffany Marks, and has caused actual dilution and has detracted from the distinctiveness of the famous the Tiffany Marks with consequent damage to Tiffany, and to the substantial business and goodwill symbolized by the Tiffany Marks in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

72.     Defendants' acts of trademark dilution have caused and, unless restrained, will continue to cause, great and irreparable injury to Tiffany, to the Tiffany Marks, and to the substantial business and goodwill represented thereby, in an amount that cannot be presently ascertained, leaving Tiffany with no adequate remedy at law.

73.     Defendants' conduct has been undertaken with a willful intent to trade on the reputation of Tiffany and to cause dilution of the famous Tiffany Marks, and this conduct entitles Tiffany to damages and the other remedies available pursuant to 15 U.S.C. § 1125(c)(2).

## FIFTH CAUSE OF ACTION

### (Trademark Infringement Under New York Law)

74.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

75.     Defendants' acts as described above constitute trademark infringement under New York common and/or statutory law.  N.Y. Gen. Bus. Law §§ 360-k, 360-o.

## SIXTH CAUSE OF ACTION

### (Trademark Dilution Under New York Law)

76.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

77.     Defendants' acts as described above dilute and detract from the distinctiveness of the famous Tiffany Marks, resulting in damage to Tiffany and the substantial business and goodwill symbolized by the Tiffany Marks in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## SEVENTH CAUSE OF ACTION

(Unfair Competition Under New York Law)

78.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

79.     Defendants' acts as described above constitute unfair competition under New York State common law, as preserved by N.Y. Gen. Bus. Law § 360-o.

## EIGHTH CAUSE OF ACTION

(Deceptive Acts and Practices Under New York Statutory Law)

80.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

81.     Defendants' acts as described above constitute deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349-350.

## NINTH CAUSE OF ACTION

(Trademark Cyberpiracy)

82.     Tiffany repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

83.     Defendants registered and are using the domain name TiffanyStores.org with bad faith intent to profit from the use of the trademark TIFFANY name, which was both famous and distinctive at the time the Defendants' domain name was registered.

84.     Defendants' registration and use of a domain name incorporating the trademark TIFFANY name is likely to cause consumers mistakenly to believe that Defendants' website is approved of, sponsored by, or otherwise affiliated with Tiffany.  Defendants' registration and use of a domain name incorporating the trademark TIFFANY name is likely to detract from the distinctiveness of that famous mark.  By engaging in the activities described above, Defendants are engaging in cyberpiracy in connection with services distributed in interstate commerce in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

85.     Defendants' acts of cyberpiracy have caused and are causing great and irreparable injury to Plaintiffs and the trademark TIFFANY name, and the business and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiffs no adequate remedy at law.

86.     By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Defendants, restraining further acts of cyberpiracy, and the damages provided for in 15 U.S.C. § 1117(d).

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Immediately and permanently enjoin Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

(a)     manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Tiffany or confusingly similar to Tiffany Products, or that otherwise bear, contain, display, or utilize any of the Tiffany Marks, any derivation or

24

colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks;

(b)    making or employing any other commercial use of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks;

(c)    using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Tiffany; and

(d)    registering or using any domain names incorporating, in whole or in part, any word or mark identical or similar to the name TIFFANY or otherwise making use of the Tiffany Marks;

(e)    doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by Defendants come from Tiffany or its licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Tiffany; and

(f)    moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display, or utilize

any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks; and

(g)    secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe the Tiffany Marks; and

(h)    further diluting and infringing all Tiffany Marks and damaging Tiffany's goodwill; and

(i)    otherwise competing unfairly with Tiffany or any of its authorized licensees in any manner; and

(j)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (h), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (h).

2.    Direct Defendants to account to Tiffany for their profits and order that Tiffany recover damages arising out of the acts of deception and infringement described above, and a

sum equal to three times such profits or damages (whichever is greater), pursuant to 15 U.S.C. § 1117(a) and (b);

3.      Award Tiffany statutory damages of $153 million representing $2 million per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c);

4.      Award Tiffany statutory damages of $100,000 for Defendants' willful cyberpiracy pursuant to 15 U.S.C. 1117 § (d);

5.      Award Tiffany punitive damages pursuant to New York State common law (as preserved by N.Y. Gen. Bus. Law § 360-o) on account of Defendants' gross, wanton, willful, and malicious conduct;

6.      Direct Defendants to recall and remove from all stores, shops, markets, outlets, catalogues, websites, or other channels of commerce any Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display, or utilize any of Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, that are in Defendants' possession or control and all means of making the same;

7.      Direct Defendants to deliver up for destruction all Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, that are in Defendants' possession or control and all means of making the same, in accordance with 15 U.S.C. § 1118;

8.     Direct Defendants to deliver up for destruction any and all guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional, and other materials in the possession or control of Defendants bearing any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, in accordance with 15 U.S.C. § 1118;

9.     Direct Defendants to supply Tiffany with a complete list of entities from whom they purchased and to whom they distributed and/or sold Counterfeit Products or any other products confusingly similar to Tiffany Products, or that otherwise bear, contain, display or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks, and to provide the manner through which the Counterfeit Products or other products were paid, including any bank accounts to, through, or from which funds were wired;

10.     Direct Defendants to file with the Court and serve on counsel for Tiffany within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action;

11.     Award Tiffany reasonable attorneys' fees along with the costs and disbursements incurred herein as a result of Defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and N.Y. Gen. Bus. Law § 349(h);

12.     Order that Defendants are prohibited from registering any other domain names incorporating, in whole or in part, any word or mark identical or similar to the name TIFFANY or otherwise making use of the Tiffany Marks;

13.     Order that Defendants transfer registration of the domain name
www.TiffanyStores.org to Tiffany;

14.     Order that any of Defendants' assets that are held by or within the control of
entities that are subject to the jurisdiction of this Court, be restrained and frozen pending the
outcome of this action so that Tiffany's right to the damages set forth in this Complaint is not
later rendered meaningless.

15.     Award Tiffany such other and further relief as the Court deems just and proper.


Dated: New York, New York
December 20, 2010

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By: _____
                                             Robert L. Weigel (RW 0163)
                                             Howard S. Hogan (HH 7995)
                                             Jennifer C. Halter (JH 7032)
                                             Anne M. Coyle (AC 3158)

                                        200 Park Avenue, 47th Floor
                                        New York, New York 10166-0193
                                        Telephone: 212.351.4000
                                        Facsimile: 212.351.4035

                                        *Attorneys for Plaintiffs Tiffany (NJ) LLC
                                        and Tiffany and Company*