Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
Anne M. Coyle (AC 3158)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Tiffany (NJ) LLC
and Tiffany and Company*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x

TIFFANY (NJ) LLC and TIFFANY AND COMPANY,

    Plaintiffs,

v.

QI ANDREW, GU GONG, SLIVER DENG, and
KENT DENG, all d/b/a TIFFANYSTORES.ORG,
FASHION STYLE and STORESORG; ABC
COMPANIES; and JOHN DOES,

    Defendants.

------------------------------------------------- x

2010 Civ. 9471 (PAULEY)

[PROPOSED]TEMPORARY
RESTRAINING ORDER,
ASSET RESTRAINING
ORDER, ORDER
AUTHORIZING
EXPEDITED DISCOVERY
AND ALTERNATIVE
SERVICE, AND ORDER TO
SHOW CAUSE

    Plaintiffs Tiffany (NJ) LLC and Tiffany and Company (collectively, "Plaintiffs" or "Tiffany"), having moved ex parte against Defendants Qi Andrew and Gu Gong, Sliver Deng, and Kent Deng, all d/b/a Tiffanystores.org, Fashion Style and Storesorg; ABC Companies; and John Does (collectively, "Defendants"), for a temporary restraining order, asset restraining order, order authorizing expedited discovery and alternative service of process, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, *et seq.*), for the reason that Defendants are manufacturing, importing,

manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale, and/or selling goods bearing counterfeit reproductions of Plaintiffs' federally registered trademarks, trade names, and/or logos as set forth in Plaintiffs' Complaint in this action (collectively the "Tiffany Marks"), which are owned and controlled by Plaintiffs, and the Court, having reviewed the Complaint, Memorandum of Law, supporting Declarations and exhibits submitted therewith, finds:

1. Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringements of the Tiffany Marks in connection with the manufacture, exportation, importation, distribution, marketing, advertising, offer for sale and/or sale of products, including but not limited to jewelry, watches, cuff links, money clips, and key rings (collectively, the "Counterfeit Products"), and have registered and are continuing to use the domain name www.TiffanyStores.org in violation of the Anticybersquatting Consumer Protection Act;

2. The manufacturing, importing, exporting, distributing, marketing, advertising, offering for sale and/or selling of the Counterfeit Products will result in immediate and irreparable injury to Plaintiffs if the relief requested is not ordered;

3. Defendants, or other persons acting in concert with Defendants, would likely destroy, move, hide or otherwise make assets, Counterfeit Products and business records relating thereto inaccessible to the Court if Plaintiffs proceeded on notice to Defendants, thus frustrating the ultimate relief that Plaintiffs seek in this action;

4. The harm to Plaintiffs from denial of the requested ex parte order outweighs the harm to Defendants' legitimate interests against granting such an order;

5. Entry of an order other than an ex parte seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for trademark

counterfeiting, including, *inter alia*, cessation of all sales of the Counterfeit Products, the acquisition of the business records relating to the Counterfeit Products, and an award to Plaintiffs of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants Qi Andrew, Gu Gong, Sliver Deng and Kent Deng, all d/b/a Tiffanystores.org, Fashion Style and Storesorg; and any John Doe or ABC Company defendants who receive notice of this Order, appear to show cause on the 3rd day of January 2011 at 10:00 a.m. or as soon thereafter as counsel can be heard, in Courtroom 11D of the United States District Court for the Southern District of New York at 500 Pearl Street / 40 Centre Street, New York, New York why an Order pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure and Section 34 of the Lanham Act should not be entered granting Plaintiff a preliminary injunction as follows:

1. Restraining and enjoining Defendants, their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them from:

> (a) manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or otherwise offering for sale Counterfeit Products or any other products produced by Plaintiff or confusingly similar to the Tiffany Products, or that otherwise bear, contain, display or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks;
>
> (b) making or employing any other commercial use of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks;

(c) ~~using any other false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by or affiliated or connected with Plaintiffs; and~~

(d) ~~doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered or sponsored by Defendants come from Plaintiffs or their licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiffs; and~~

(e) further diluting and infringing the Tiffany Marks and damaging Plaintiffs' goodwill; and

(f) using or transferring ownership of the domain name Tiffanystores.org or any other domain name making unauthorized use of any of the Tiffany Marks; and

(g) ~~otherwise competing unfairly with Plaintiffs in any manner; and~~

(h) transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants, as set forth ~~further herein;~~ and

4

    (i)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g), or effecting any assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i);

IT APPEARING to the Court that Defendants are manufacturing, exporting, importing, distributing, marketing, advertising, offering for sale, and/or selling the Counterfeit Products, and will continue to carry out such acts unless restrained by Order of the Court:

IT IS FURTHER ORDERED, that pending the hearing on Plaintiffs' application for a preliminary injunction, Defendants, including Defendants Qi Andrew, Gu Gong, Sliver Deng and Kent Deng, all d/b/a Tiffanystores.org, Fashion Style and Storesorg; and any John Doe or ABC Company defendants who receive notice of this Order, and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or having knowledge of this Order by personal service or otherwise be, and they are, hereby temporarily restrained from:

    (a)    committing any of the acts set forth in subparagraph (1)(a)-(i) above; and

    (b)    moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to the Tiffany Products, or that otherwise bear, contain, display, or utilize any of the Tiffany Marks, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Tiffany Marks; and

  (c)  secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe the Tiffany Marks.

IT IS FURTHER ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the processing or transfer of money and/or real or personal property, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, bonds, real or personal property, or other assets of Defendants or otherwise paying or transferring any money, stocks, bonds, real or personal property, or other assets to any of the Defendants, or into or out of any accounts associated with or utilized by any of the Defendants.  This includes but is not limited to: (1) any and all PayPal accounts utilized by Qi Andrew, Gu Gong, Sliver Deng, Kent Deng and/or any of the Defendants; (2) and any and all accounts with any and all financial institutions responsible for

6

processing credit or debit card purchases that are associated with or made in connection with TiffanyStores.org and/or any of the Defendants.

IT IS FURTHER ORDERED, that upon two (2) days written notice to the Court and Plaintiffs' counsel and within seven (7) days of service of this order, any Defendant or restrained third party may appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any websites, online search engines, online shopping price comparison services, or any other business or publication that advertises Defendants' website www.TiffanyStores.org, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from advertising, promoting, or marketing Defendants' Counterfeit Products or Defendants' website www.TiffanyStores.org. This includes but is not limited to Zen Cart and Google Analytics.

IT IS FURTHER ORDERED, that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), Defendants and their officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, and any website hosts, domain name owners, internet protocol supporter, or any other business supporting, hosting or providing e-commerce services to Defendants' website www.TiffanyStores.org, who receive actual notice of this order by personal service or otherwise, are, without prior approval of the Court, temporarily restrained and enjoined from supporting or

hosting Defendants' website www.Tiffanystores.org. This includes but is not limited to GoDaddy.com, Inc., HostMonster.com, Take 2 Hosting, and Hosting8 (SoftLayer Technologies).

IT IS FURTHER ORDERED, that Plaintiffs shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars ($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder; and

IT IS FURTHER ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, shall be made on Defendants and deemed effective as to all named Defendants if it is completed by delivery of Adobe PDF copies of this Order together with the Summons and Complaint to the following email addresses:

(a) storesorg@gmail.com; and

(b) daisy@szbenz.com; and

(c) rivalzhizhu@gmail.com.

IT IS FURTHER ORDERED, that such service shall be made by December 23, 2010 ~~within ten (10) days from the date of this Order~~, except as to John Doe or ABC Company defendants who may be later identified, or at such time as may be extended by this Court; and

IT IS FURTHER ORDERED, that a copy of this Order together with the Summons and Complaint shall ~~be sent via~~ delivered to for delivery to Federal Express to Defendants at No. 68 Jiang Nan Road, Meizhou City, China; and by December 23, 2010,

IT IS FURTHER ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New York, NY 10166-0193, Attention: Robert L. Weigel, Esq., by no later than December 31, 2010 ~~2010~~ with any reply by Plaintiffs to be filed and served by January 2, 2011 ~~2010~~; and

8

IT IS FURTHER ORDERED that Plaintiffs' motion for expedited discovery is granted; that Plaintiffs shall serve with this order requests for disclosures pursuant to Fed. R. Civ. P. 26 and 34 in the form appended hereto as Attachment A, and that Defendants shall produce documents responsive to such requests on or before the 31 day of December 2010; and

IT IS FURTHER ORDERED, that any banks, savings and loan associations, credit card companies, credit card processing agencies, merchant acquiring banks, financial institutions, or other companies or agencies that engage in the transfer of real or personal property, who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control, concerning the assets and financial transactions of Defendants or any other entities acting in concert or participation with Defendants, including but not limited to records concerning the following: (1) any and all PayPal accounts that are associated with or utilized by Qi Andrew, Gu Gong, Sliver Deng, Kent Deng, www.TiffanyStores.org, or any of the Defendants; (2) any and all MasterCard, Visa, American Express, and/or Discover credit or debit card payment accounts that are associated with or utilized by www.TiffanyStores.org and/or any of the Defendants; (3) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases that are associated with or made in connection with www.TiffanyStores.org and/or any of the Defendants; (4) the identity of any and all credit card processing agencies, merchant acquiring banks or other financial institutions responsible for processing credit card and debit card transactions for www.TiffanyStores.org and/or any of the Defendants; and (5) records concerning the ownership of Defendants' websites or the assets, credit cards, or financial transactions of Defendants or any other entities acting in concert or participation with Defendants, and that such records be produced within ten (10) business days of receiving actual notice of this order unless such banks, savings and loan associations, credit card companies,

9

credit card processing agencies, merchant acquiring banks, financial institutions or other companies or agencies that engage in the transfer of real or personal property apply to this Court for relief from the terms of this paragraph within seven (7) days of service of this order; and

~~IT IS FURTHER ORDERED,~~ that online search engines, online shopping price comparison services, analytics services or any other businesses or publications that advertise for Defendants' website www.TiffanyStores.org, sell advertisements to Defendants, or provide analytics services to Defendants, who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control related to the Defendants' and/or Defendants' website www.TiffanyStores.org, including but not limited to any and all communications, applications, reviewer analysis, sponsored link advertisements purchased by www.TiffanyStores.org and/or any of Defendants and that such records and information be produced within ten (10) business days of receiving actual notice of this order unless such websites, online search engines, online shopping price comparison services, or any other e-commerce service providers, businesses or publications that advertise for o Defendants' website www.TiffanyStores.org, or sell advertisements to Defendants, or provide analytics services to Defendants, apply to this Court for relief from the terms of this paragraph within seven (7) days of service of this order. This includes but is not limited to Zen Car and Google Analytics.

~~IT IS FURTHER ORDERED, that any website hosts, domain name owners, internet~~ protocol supporter, or any other business supporting, hosting or providing e-commerce services to Defendants' website TiffanyStores.org who receive actual notice of this order by personal service or otherwise, shall provide to Plaintiffs all records in their possession, custody, or control related to the sale of counterfeit goods bearing Plaintiffs Marks, including, but not limited to: (1) ~~records concerning the ownership of Defendants' websites or the assets, credit cards, or financial~~

transactions of Defendants or any other entities acting in concert or participation with Defendants; (2) all records and documents related to the design, support, and services rendered to Defendants' website www.TiffanyStores.org; (3) any information such website host, domain name owner, internet protocol supporter, or any other business supporting, hosting or providing e-commerce services to Defendants' websites has regarding whether Defendants' websites are selling legitimate or counterfeit goods; (4) any contract for services between Defendants' websites and such website host, domain name owner, internet protocol supporter, or any other business supporting, hosting or providing e-commerce services to Defendants' websites; and (5) any and all records concerning any and all association between Defendants and Defendants' website www.TiffanyStores.org.; and that such records and information be produced within ten (10) business days of receiving actual notice of this order unless such web site hosts, domain name owners, internet protocol supporter, or any other business supporting, hosting or providing e-commerce services to Defendants' website www.TiffanyStores.org apply to this Court for relief from the terms of this paragraph within seven (7) days. This includes but is not limited to GoDaddy.com, Inc., HostMonster, Inc., Take 2 Hosting, Inc., and Hosting 8 (SoftLayer Technologies, Inc.), Zen Cart, and Google Analytics.

IT IS FURTHER ORDERED, that Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the relief provided herein, immediate issuance of the requested preliminary injunction to take effect immediately upon expiration or dissolution of the temporary restraining order, and may otherwise extend for the pendency of this litigation upon the same terms and conditions as comprise this temporary restraining order. Defendants are hereby given further notice that they may be deemed to have actual notice of the issuance and terms of such preliminary injunction and any act by them or

anyone of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

IT IS SO ORDERED.

DATED this 21 day of December, 2010

Hour: 5:20 a.m./p.m.

UNITED STATES DISTRICT COURT

By: _____
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Robert L. Weigel (RW 0163)
Howard S. Hogan (HH 7995)
Jennifer C. Halter (JH 7032)
Anne M. Coyle (AC 3158)
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue
New York, New York 10166
(212) 351-4000

*Attorneys for Plaintiffs Tiffany (NJ) LLC
and Tiffany and Company*

------------------------------------------------ x
TIFFANY (NJ) LLC and TIFFANY AND COMPANY, :
:
        Plaintiffs, :
:
    v. :
:  2010 Civ. _____
QI ANDREW, GU GONG, SLIVER DENG, and :
KENT DENG, all d/b/a TIFFANYSTORES.ORG, :
FASHION STYLE and STORESORG; ABC :
COMPANIES; and JOHN DOES, :
:
        Defendants. :
:
------------------------------------------------ x

### PLAINTIFFS' FIRST REQUEST TO DEFENDANTS FOR DISCOVERY AND INSPECTION OF DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.1 to 26.3 of the Local Civil Rules of the United States District Court for the Southern District of New York, Plaintiffs Tiffany (NJ) LLC and Tiffany and Company (collectively, "Plaintiffs") by their undersigned attorneys, Gibson, Dunn & Crutcher, LLP, hereby request that Defendants Qi Andrew, Gu Gong, Sliver Deng, Kent Deng, all doing business as TiffanyStores.org, Fashion Style and Storesorg; and ABC Companies; and John Does (collectively, "Defendants"), produce the following documents and things for inspection and copying at the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, 47th Floor, New

York, New York 10166, within the shorter of: (a) thirty (30) days; or (b) any timeframe or deadline that may be set by the Court in connection with any Order to Show Cause that may issue in this action.

## DEFINITIONS

The following definitions apply to each of the Requests herein and should be read and referred to upon answering the Requests:

1. The term "**Plaintiffs**" means Tiffany (NJ) LLC and Tiffany and Company., and their respective "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." S.D.N.Y. Local Civil Rule 26.3(c)(5).

2. The term "**Defendants**" means Defendants Qi Andrew, Gu Gong, Sliver Deng, and Kent Deng, all doing business as TiffanyStores.org, Fashion Style and Storesorg; and ABC Companies; and John Does and their "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates." S.D.N.Y. Local Civil Rule 26.3(c)(5).

3. The term "**Plaintiffs' Marks**" means trademarks, service marks, and trade dress that identify Plaintiffs, their products, authorized stores, websites, and affiliates, including but not limited to the marks referenced in Exhibits 1 through __ to the Complaint in this action.

4. The term "**Disputed Products**" means any and all products sold, manufactured, marketed or otherwise offered to consumers by any of the Defendants that in any way display, utilize or reference any of Plaintiffs' Marks or any colorable imitations of Plaintiffs' Marks, including but not limited to the products defined in the Complaint in this action as "Counterfeit Products."

5. The terms "**Person**" and "**Persons**" mean any natural person or any business, legal or governmental entity or association. S.D.N.Y. Local Civil Rule 26.3(c)(6).

6. The term "**Document**" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. S.D.N.Y. Local Civil Rule 26.3(c)(2).

7. The term "**Communication**" means "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)." S.D.N.Y. Local Civil Rule 26.3(c)(1).

8. The term "**Concerning**" means "relating to, referring to, describing, evidencing or constituting." S.D.N.Y. Local Civil Rule 26.3(c)(7).

## INSTRUCTIONS

A. In producing documents pursuant to these requests, Defendants are required to furnish all Documents in Defendants' possession, custody or control that are known or available to Defendants. A Document is in Defendants' possession, custody or control, if, among other things, it is in Defendants' physical custody, or if it is in the physical custody of any other person and Defendants (a) own such Document in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine or copy such Document on any terms; (c) have an understanding, express or implied, that Defendants may use, inspect, examine or copy such Document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such Document when Defendants have sought to do so. Such Documents shall include, without limitation, Documents that are in the custody of Defendants' attorney(s) or other agent(s).

B. Defendants must make a diligent search of Defendants' records (including but not limited to paper records, computerized records, electronic mail records and voice-mail records) and of other papers and materials in Defendants' possession or available to Defendants or

3

Defendants' attorneys, financial advisors, consultants, investigators, and other agents or representatives.

C. Each request herein constitutes a request for Documents in their entirety, with all enclosures and attachments, and without abbreviation, redaction or expurgation.

D. Defendants shall produce any and all drafts and copies of each Document that are responsive to any request, and all copies of such Documents that are not identical in any respect, including but not limited to copies containing handwritten notes, markings, stamps or interlineations.

E. If Defendants contend that a requested Document is privileged in whole or part, or contend that any identified Document would be excludable from production and discovery regardless of its relevance (including, but not limited to, a claim of attorney-client privilege or the attorney work-product doctrine), Defendants are required, for each and every such Document, to state the nature of the privilege being claimed and to provide the following information: (a) the type of document, *e.g.*, letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other. S.D.N.Y. Local Civil Rule 26.2(a).

F. A request for Documents within a particular time period shall be deemed to include all Documents that were dated, prepared, sent or received during that time period.

4

5

G. If Defendants possess, control, or have custody of nothing responsive to any numbered request set forth below, state this fact by so specifying in Defendants' response to said request.

H. If Defendants' "original" of a Document is a photocopy (or other copy), then the copy should be produced as the original.

I. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the particular request or requests to which they are responsive. Wherever requested Documents, are stored in electronic, digital, or computerized form, Defendants are to provide it in that form, including any software required to access, retrieve, or read the data. All other Documents should be produced in a readable electronic format whenever and wherever possible.

J. With respect to the production of any category of Documents which Defendants contend is in some way burdensome or oppressive, state the specific reason for this objection and briefly summarize the Documents in question.

K. Each request shall be deemed continuing so as to require supplementation if Defendants obtain any further responsive Documents between the time that Defendants' initial production is due and the time of trial.

## II. <u>Documents Requested</u>

1. All Documents Concerning Plaintiffs in Defendants' possession, custody or control.

2. All Documents Concerning all Defendants' uses of the Plaintiffs' Marks or colorable imitations thereof, including but not limited to all such uses on advertisements, websites, products of any type, signs, prints, packages, wrappers, pouches, receptacles, metadata, search engine keywords, advertising matter, promotional, and other materials.

3. All Documents Concerning any and all earnings, profits, or other benefits that Defendants have obtained that are in any way attributable, related, or connected to Defendants' uses of Plaintiffs' Marks, including but not limited to the names and account numbers for the banks, savings and loans, and other financial institutions in which such earnings, profits, or other benefits are maintained.

4. All Documents Concerning Defendants' manufacture, purchase, acquisition, design, order, import, export, advertisement, distribution or sale of the Disputed Products, including but not limited to Documents Concerning Defendants' sources of the Disputed Products, and any pending advertisements, offerings, sales, or shipments of the Disputed Products.

5. All Documents Concerning the relationship between the Defendants, including but not limited to documents concerning the corporate structure and organization of the Defendants and the transfer of payments, profits, costs, and/or losses between them.

6. All Documents Concerning any and all payments to Defendants in return for any and all Disputed Goods that were transmitted, processed, facilitated, enabled, or otherwise contributed to by any and all third parties, including but not limited to credit card companies,

agencies, or processors, or other financial institutions or such as, without limitation: (1) PayPal; (2) MasterCard; (3) Visa; (4) American Express; (5) Discover; and (6) any and all accounts with any and all financial institutions responsible for processing credit or debit card purchases from any of Defendants.

      7. All Documents Concerning, relating to, supporting, or contradicting any of the allegations in the Complaint in this action.

Dated:  New York, New York
           _____, 2010

                      GIBSON, DUNN & CRUTCHER

                      By:_____
                         Robert L. Weigel (RW 0163)
                         Howard S. Hogan (HH 7995)
                         Jennifer C. Halter (JH 7032)
                         Anne M. Coyle (AC 3158)

                      200 Park Avenue, 47th Floor
                      New York, New York 10166
                      (212) 351-4000

                      *Attorneys for Plaintiffs Tiffany (NJ) LLC and Tiffany and Company*